JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, expect as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Adolphe Pierre-Louis

**DEFENDANTS**
Joseph Schake, in his individual capacity
State of New Mexico

(b) County of Residence of First Listed Plaintiff  Bernalillo County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Bernalillo County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark D. Fine
220 Ninth Street NW
Albuquerque, N.M. 87102
(505) 243-4541

ATTORNEYS (IF KNOWN)
W. Ann Maggiore
4101 Indian School Rd. NE
Albuquerque, NM 87110
(505) 884-0777

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | X 1 | Incorporated or principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Heath | | ☐ 480 Cable/Sat TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395 ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housings Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc. Security Act | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | X 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity.):
42 U.S.C. 1983
Brief description of cause:
Violation of 4th and 14th Ammendments.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
$

CHECK YES only if demanded in Complaint.
JURY DEMAND:  ☐ YES  ☒ NO

**VIII. RELATED CASES(S) IF ANY** (See instructions)
JUDGE >
DOCKET NUMBER >

DATE
April 25, 2012

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADOLPHE PIERRE-LOUIS,

  Plaintiff,

vs                  No. _____

JOSEPH SCHAKE, in his individual capacity
and the STATE OF NEW MEXICO,

  Defendants.

NOTICE OF REMOVAL TO THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TO: UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW MEXICO

  COME NOW the Defendants, Joseph Schake, in his individual capacity and the State of New Mexico, by and through their attorneys of record, Butt Thornton & Baehr PC (W. Ann Maggiore), and as grounds for removal to this Court, state as follows:

  1. Plaintiff, Adolphe Pierre-Louis, filed this civil action against Defendants, Joseph Schake, in his individual capacity and the State of New Mexico, in the Second Judicial District Court, County Bernalillo, State of New Mexico. Copies of the Complaint, Answer, Acceptance of Service and Civil Cover Sheet are attached hereto and constitute all records on file with the County of Bernalillo. The case was docketed as Cause No. D-0202-DV-2012-01661.

  2. In Plaintiff's Complaint, Plaintiff asserts causes of action against Defendants, pursuant to 42 USC §1983, and the Fourth and Fourteenth Amendments. Complaint at ¶42.

2

Plaintiff also asserts state tort claims for "illegal arrest" pursuant to Article II, §10 of the New Mexico Constitution, as well as state tort claims for negligence.

3. Removal is proper because this Court has jurisdiction over this matter pursuant to 28 USC §§1331 and 1343(A)(3), because the case raises a federal question through its assertions of alleged violations of Plaintiff's constitutional rights under 42 USC §1983. Plaintiff also claims violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution was violated. Further, pendent jurisdiction over Plaintiff's state law claims is available under 28 USC §1367.

4. Removal is timely because Counsel accepted service for Defendant Joesph Schake on May 8, 2012 Therefore, this Notice of Removal is filed within 30 days of Defendant Schake's first receipt of Plaintiff's Complaint.

WHEREFORE, Defendants, Joseph Schake, in his individual capacity and the State of New Mexico, pray that the above-entitled action be removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to this United States District Court for the District of New Mexico.

Respectfully submitted,

BUTT, THORNTON & BAEHR, P.C.


By __/s/ *W. Ann Maggiore*__
    W. ANN MAGGIORE
Attorneys for Defendants
P.O. Box 3170
Albuquerque, NM 87190-3170
(505) 884-0777
(505) 889-8870 (fax)

I HEREBY CERTIFY that on the __15th__ day of May, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Mark D. Fine
Fine Law Firm
finemark@gmail.com .

*/s/ W. Ann Maggiore*
W. ANN MAGGIORE

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/14/2012 11:58:52 AM
GREGORY T. IRELAND

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ADOLPHE PIERRE-LOUIS,

    Plaintiff,

v.

No. D-202-CV-2012-01661

JOSEPH SCHAKE, in his individual capacity
and the STATE OF NEW MEXICO,

    Defendants.

## COMPLAINT FOR DAMAGES

Plaintiff Adolphe Pierre-Louis, through his attorney Fine Law Firm (Mark Fine), hereby and respectfully brings this Complaint for Damages against Defendants Joseph Schake and the State of New Mexico. He hereby alleges the following:

### *JURISDICTION AND VENUE*

1. This Court has jurisdiction over the subject matter and parties to this action pursuant to the Court's general jurisdiction.

2. Venue is proper in this district because Plaintiff is a resident of New Mexico, Defendants are residents of New Mexico, and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in Bernalillo County, New Mexico.

### *PARTIES*

3. Plaintiff Adolphe Pierre-Louis is a United States citizen and a resident of New Mexico.

4. At all times relevant to this Complaint, Defendant Joseph Schacke was an Officer with the New Mexico State Police, and an agent and employee of the State of New Mexico.

1

5. At all times relevant to this Complaint, the New Mexico State Police was an agency of the State of New Mexico, operated and managed by the State of New Mexico.

*GENERAL FACTUAL ALLEGATIONS*

6. Plaintiff Adolphe Pierre-Louis was born in Haiti. He immigrated to the United States in 1981, and has lived in New Mexico since 1990.

7. Plaintiff is Haitian-American, of African descent.

8. Plaintiff has been employed as a photojournalist with the Albuquerque Journal since 1995.

9. On August 17, 2011, Plaintiff was on assignment for the Albuquerque Journal, photographing rural scenes outside of Albuquerque.

10. Plaintiff was driving a Ford Explorer that was part of the Albuquerque Journal's fleet.

11. On August 17, 2011, Plaintiff had completed his assignment and was returning to Albuquerque.

12. While Plaintiff was driving back to Albuquerque, an individual named Candelario Chavez flagged down Defendant, Officer Joseph Schake, and indicated that he been held at gunpoint.

13. Mr. Chavez described his alleged assailant as "bald."

14. Mr. Chavez described his alleged assailant as driving a white "Expedition."

15. The alleged assailant that Mr. Chavez described was Hispanic.

16. The alleged assailant that Mr. Chavez described was wearing a white, short sleeve shirt.

2

17. The alleged assailant that Mr. Chavez described appeared to have a developing black eye.

18. The alleged assailant that Mr. Chavez described was approximately 5'11.

19. It was difficult for Defendant Schake to get details from Mr. Chavez because Mr. Chavez was in an "excited state."

20. Mr. Chavez had an extensive criminal history at the time he flagged down Defendant.

21. After receiving Mr. Chavez' description, Defendant Schake left Mr. Chavez and began to drive eastbound on I-40, where he believed Mr. Chavez' alleged assailant would be traveling.

22. On eastbound I-40, Defendant Schake pulled his vehicle beside Plaintiff's.

23. Plaintiff was driving an Explorer rather than an Expedition.

24. Plaintiff, wore his hair closely-cropped, but his hair and hairline were clearly visible. His head was obviously not bald.

25. Plaintiff was visibly of African, rather than Spanish, descent, and the clothes that Plaintiff was wearing did not match Mr. Chavez' description of the clothes that his alleged assailant was wearing.

26. Despite the fact that neither Plaintiff, nor his vehicle, matched the description with which Defendant Schake had been provided, Defendant Schake conducted a felony stop of Plaintiff. Plaintiff pulled over without incident.

27. After Plaintiff pulled over, Defendant Schake drew his gun at Plaintiff and ordered him to throw his keys, walk slowly toward the officer, pull his shirt out of his pants, and drop to his knees.

28. When Plaintiff complied with these commands, Defendant Schake handcuffed him.

29. Plaintiff explained to Defendant Schake who he was and where he had been, and showed Defendant Schake his press credentials.

30. Even though it was increasingly obvious that Plaintiff was not the individual who Mr. Chavez had described, Defendant Schake kept Plaintiff handcuffed on the side of I-40 for approximately fifteen (15) minutes before finally releasing him.

31. Defendant Schake also searched the the vehicle that Plaintiff was driving, which contained photographic and journalistic equipment, further confirming that Plaintiff was not the individual described by Mr. Chavez.

32. Defendant Schake arrested Plaintiff without competently or reasonably evaluating the credibility of Mr. Chavez' description.

33. Defendant Schake arrested Plaintiff without receiving sufficient descriptive information from Mr. Chavez. If Defendant Schake had obtained further descriptive information from Mr. Chavez, additional differences between the suspected assailant and Plaintiff would have been even more obvious.

34. Even assuming that Mr. Chavez' description was complete, accurate, and credible, Defendant arrested Plaintiff despite the fact that neither Plaintiff, nor his vehicle, matched that description.

4

35. Defendant Schake's arrest of Plaintiff despite the fact that Plaintiff did not match the description of Mr. Chavez' alleged assailant constituted an act of racial profiling.

## COUNT I: ILLEGAL ARREST UNDER THE UNITED STATES CONSTITUTION

36. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37. On August 17, 2011, Plaintiff had a right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures. This included the right to be secure in his bodily integrity, and free from unreasonable arrests.

38. On August 17, 2011, Defendant Schake detained and arrested Plaintiff without reasonable suspicion or probable cause to believe that he had committed or was committing a crime.

39. Defendant Schake's actions in seizing, detaining, and arresting Plaintiff without reasonable suspicion or probable cause, and the manner in which Defendant Schake effected the seizure, were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights.

40. On August 17, 2011, Defendant Schake prolonged Plaintiff's arrest without reasonable suspicion or probable cause to believe that Plaintiff had committed or was committing a crime.

41. Defendant Schake's actions in prolonging Plaintiff's arrest without reasonable suspicion or probable cause were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights.

42. Defendant Schake's unlawful arrest of Plaintiff violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendant Schake's unlawful arrest of Plaintiff proximately caused Plaintiff's damages and injuries. These damages include lost liberty, violation of bodily integrity, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendant Schake, together with all costs and attorneys fees.

### COUNT II: ILLEGAL ARREST UNDER THE NEW MEXICO CONSTITUTION

44. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

45. On August 17, 2011, Plaintiff had a right under Article II, Section 10 the New Mexico Constitution to be free from unreasonable seizures. This included the right to be secure in his bodily integrity, and free from unreasonable arrests.

46. On August 17, 2011, Defendant Schake seized and arrested Plaintiff without reasonable suspicion or probable cause.

47. Further, Defendant Schake unnecessarily and unreasonably prolonged his seizure of Plaintiff.

48. Defendant Schake's arrest of Plaintiff without reasonable suspicion or probable cause, and his unreasonable prolongation of that arrest, were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights.

49. Defendant Schake's seizure and arrest of Plaintiff violated his rights under Article II, Section 10 of the New Mexico Constitution.

50. Defendant's unlawful seizure and arrest of Plaintiff proximately caused Plaintiff's damages and injuries. These damages include lost liberty, violation of bodily integrity, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendant Schake, together with all costs and attorneys fees.

### COUNT III: NEGLIGENCE

51. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

52. On August 17, 2011, Defendant Schake had a duty to reasonably exercise his duties as a law enforcement officer, and he owed that duty to Plaintiff.

53. Defendant Schake breached that duty by arresting Plaintiff without probable cause, on the basis of a questionable description that in any case did not match Plaintiff or the vehicle he was driving, and by unreasonably prolonging Plaintiff's arrest.

54. Defendant Schake's tortious actions proximately caused Plaintiff's damages and injuries, including lost liberty, violation of bodily integrity, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory damages against Defendant Schake, together with all costs and attorneys' fees.

### COUNT IV: *RESPONDEAT SUPERIOR*

55. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

56. On August 17, 2010, Defendant Schake was acting within the scope of his duties as a law enforcement officer when he unreasonably, negligently, and illegally arrested Plaintiff, and unreasonably, negligently, and illegally prolonged Plaintiff's arrest.

57. Defendant Schake proximately caused Plaintiff damages and injuries, as set forth above.

7

58. Defendant State of New Mexico, as Defendant Schake's employer, is liable for torts committed by him within the scope of his duties as an agent, or with the apparent authority, of Defendant State of New Mexico.

WHEREFORE, Plaintiff requests compensatory damages against Defendant State of New Mexico, together with all costs and attorneys' fees.

### REQUEST FOR RELIEF

Plaintiff seeks the following relief against Defendants:

I. Actual and compensatory damages sufficient to make Plaintiff whole;

II. Punitive damages sufficient to punish Defendants' misconduct and to deter future misconduct;

III. Equitable relief as determined by the Court;

IV. Attorneys' fees, expenses, costs, pre-judgment interest and post-judgment interest as provided by law; and

V. Such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Mark D. Fine*
Mark Fine
FINE LAW FIRM
Attorney for Plaintiff
220 Ninth Street NW
Albuquerque, NM 87102
(505) 243-4541
Fax: (505) 242-2716

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2012 4:17:04 PM
GREGORY T. IRELAND
Susie Gotte

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ADOLPHE PIERRE-LOUIS,

    Plaintiff,

v                                           D-202-CV-2012-01661

JOSEPH SCHAKE, in his individual capacity
and the STATE OF NEW MEXICO,

    Defendants.

## JOSEPH SCHAKE and STATE OF NEW MEXICO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendants, Joseph Schake and the State of New Mexico, through their attorneys, Butt, Thornton & Baehr, P.C. (W. Ann Maggiore) and file the following Answer to Plaintiff's Complaint for Damages.

### JURISDICTION AND VENUE

1. Paragraph 1 is a legal conclusion requiring no response; to the extent a response is required, Defendants deny the allegations.

2. Paragraph 2 is a legal conclusion requiring no response; to the extent a response is required, Defendants deny the allegations.

### PARTIES

3. Defendants are without sufficient information to admit or deny the allegations in Paragraph 3 and therefore deny them.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5.

1

## GENERAL FACTUAL ALLEGATIONS

6. Defendants are without sufficient information to admit or deny the allegations in Paragraph 6, and therefore deny them.

7. Defendants are without sufficient information to admit or deny the allegations in Paragraph 7, and therefore deny them.

8. Defendants admit that Plaintiff is a photojournalist with the Albuquerque Journal but are without sufficient information to admit or deny the remaining allegations and therefore deny them.

9. Defendants are without sufficient information to admit or deny the allegations in Paragraph 9 and therefore deny them.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants are without sufficient information to admit or deny the allegations in Paragraph 11 and therefore deny them.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15; however, the victim did not mention that the alleged assailant was Hispanic until after Plaintiff had been stopped and Schake did not have this information when he made the stop.

16. Defendants deny deny the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20 to the extent that they imply that Schake was aware of the victim's criminal history at the time the victim flagged him down, or at the time he made the stop.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants admit that Schake conducted a felony stop of Plaintiff and that Plaintiff pulled over without incident, and deny the remaining allegations in Paragraph 26.

27. Defendants admit that Schake conducted a felony stop of Plaintiff in accordance with all laws, rules and standards of procedure, and denies the remaining allegations in Paragraph 27. Sgt. Schake's gun was at "low ready"; he denies that his gun was drawn "at plaintiff" as alleged.

28. Defendants admit that Schake handcuffed Plaintiff.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants admit that Plaintiff was kept handcuffed on the side of I-40 for approximately 15 minutes, and denies the remaining allegations in Paragraph 30.

31. Defendant admits that Schake searched Plaintiff's vehicle and that it contained photographic equipment, and deny the remaining allegations.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the legal conclusions in Paragraph 35.

## COUNT I: ILLEGAL ARREST UNDER THE UNITED STATES CONSTITUTION

36. Defendants reallege all previous Answers as if fully set forth herein.

37. Paragraph 37 is a legal conclusion requiring no response; to the extent a response is required, Defendants deny the allegations.

38. Defendants deny the allegations in Paragraph 38.

39. Paragraph 38 is a legal conclusion requiring no response; to the extent a response is required, Defendants deny the allegations.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

## COUNT II: ILLEGAL ARREST UNDER THE NEW MEXICO CONSTITUTION

44. Defendants reallege all previous Answers as if fully set forth herein.

45. Paragraph 45 is a legal conclusion requiring no response; to the extent a response is required, Defendants deny the allegations.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48 .

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

## COUNT III: NEGLIGENCE

51. Defendants incorporate all previous Answers as if fully set forth herein.

52. Paragraph 52 is a legal conclusion requiring no response; to the extent a response is required, Defendants deny the allegations.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

## COUNT IV: RESPONDEAT SUPERIOR

55. Defendants reallege all previous paragraphs as if fully set forth herein.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 is a legal conclusion requiring no response; to the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed, in whole or in part, failed to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

Defendant Schake is entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of negligence leading to damages, which are specifically denied, are limited by the New Mexico Tort Claims Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of damages, which are specifically denied, were caused by unavoidable complications.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of damages, which are specifically denied, are subject to the doctrine of comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Schake was, at all times material to the allegations in this Complaint, exercising his lawful authority.

WHEREFORE, Joseph Schake and the State of New Mexico respectfully request this Court to dismiss all claims against them, and to award other relief as the Court deems just and proper.

> Respectfully submitted,
>
> BUTT, THORNTON & BAEHR, P.C.
>
> **Electronically Filed**
>
> By /s/ *W. Ann Maggiore*
> W. ANN MAGGIORE
> Attorneys for State of New Mexico
> P.O. Box 3170
> Albuquerque, NM 87190-3190
> (505) 884-0777
> (505) 889-8870 (fax)

I HEREBY CERTIFY that on the 8th day of
May, the foregoing was electronically, served
and a copy of the pleading was emailed
to all counsel of record:

/s/ *W. Ann Maggiore*
W. Ann Maggiore

6

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/8/2012 4:17:04 PM
GREGORY T. IRELAND
Susie Gotte

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ADOLPHE PIERRE-LOUIS,

    Plaintiff,

v                                                            D-202-CV-2012-01661

**JOSEPH SCHAKE**, in his individual capacity
and the **STATE OF NEW MEXICO**,

    Defendants.

## ATTORNEY'S ACCEPTANCE OF SERVICE

The undersigned is duly authorized to hereby acknowledge receipt of a copy of the Summons and Complaint in the above-captioned action and accepts service of the same on behalf of Joseph Schake on the 8th day of May, 2012.

                                            BUTT, THORNTON & BAEHR, P.C.

                                                 **Electronically Filed**

                                      By: /s/ *W. Ann Maggiore*
                                          W. Ann Maggiore
                                          P.O. Box 3170
                                          Albuquerque, NM  87190
                                          (505) 884-0777
                                          (505) 889-8870 (fax)

I HEREBY CERTIFY that on the 8th day of
May, the foregoing was electronically, served
and a copy of the pleading was emailed
to all counsel of record:

/s/ *W. Ann Maggiore*
W. Ann Maggiore